UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUNG YONG KIM,

               Plaintiff,

   v.

EQUIFAX INFORMATION SERVICES LLC,

               Defendant.

Case No. 1:25-cv-07179

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax" or "Defendant"), by and through its undersigned counsel, files its Answer to Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring claims under the Fair Credit Reporting Act ("FCRA"). Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax denies the allegations set forth in Paragraph 2.

3. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations are denied.

4. Equifax denies the allegations set forth in Paragraph 4.

## PARTIES

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax admits the allegations in Paragraph 6.

## JURISDICTION

7. To the extent Plaintiff has properly alleged his claims, Equifax admits the Court may exercise its jurisdiction.

8. To the extent that Plaintiff has properly alleged his claims, Equifax admits that venue is proper in this Court.

## STATEMENT OF FACTS

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph19.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Equifax admits that it received one or more written disputes from an individual purporting to be Plaintiff. To the extent Plaintiff mischaracterizes, misquotes, or misconstrues the dispute, Equifax denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 23.

24. Equifax denies the allegations set forth in Paragraph 24.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Equifax denies the allegations in Paragraph 26. Equifax further denies any allegation it violated the FCRA.

27. Equifax admits that it received one or more written disputes from an individual purporting to be Plaintiff. To the extent Plaintiff mischaracterizes, misquotes, or misconstrues the dispute, Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations set forth in Paragraph 24.

29. The allegations in Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 29.

30. Equifax denies the allegations set forth in Paragraph 30.

31. Equifax denies the allegations set forth in Paragraph 31.

32. Equifax denies the allegations set forth in Paragraph 32.

33. Equifax denies the allegations set forth in Paragraph 33.

34. Equifax denies the allegations set forth in Paragraph 34.

35. Equifax denies the allegations set forth in Paragraph 35.

36. Equifax denies the allegations set forth in Paragraph 36.

37. Equifax denies the allegations set forth in Paragraph 37.

38. Equifax denies the allegations set forth in Paragraph 38.

39. Equifax denies the allegations set forth in Paragraph 39.

## CAUSES OF ACTION

### COUNT I:
**Willful Noncompliance With The FCRA**
**(Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)**

40. Equifax reasserts and re-alleges its responses and defenses set forth herein.

41. Equifax admits it is a consumer reporting agency as defined by the FCRA. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42. Equifax admits that it received one or more written disputes from an individual purporting to be Plaintiff. To the extent Plaintiff mischaracterizes, misquotes, or misconstrues those written disputes, Equifax denies the allegations in Paragraph 42.

43. The allegations in Paragraph 43 constitute legal conclusions, to which no response is required. To the extent a response is required, Equifax denies the allegations set forth in Paragraph 43.

44. Equifax denies the allegations in Paragraph 44.

45. Equifax denies the allegations in Paragraph 45.

46. Equifax denies the allegations in Paragraph 46.

47. Equifax denies the allegations in Paragraph 47.

48. Equifax denies the allegations in Paragraph 48.

## COUNT II

**Negligent Noncompliance With The FCRA**
**(Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)**

49. Equifax reasserts and re-alleges its responses and defenses set forth herein.

50. Equifax denies the allegations in Paragraph 50.

51. Equifax denies the allegations in Paragraph 51.

52. Equifax denies the allegations in Paragraph 52.

## COUNT III

**Willful Noncompliance With The FCRA**

**(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy - Violation of 15 U.S.C. § 1681e(b))**

53. Equifax reasserts and re-alleges its responses and defenses set forth herein.

54. The allegations in Paragraph 54 constitute legal conclusions, to which no response is required. To the extent a response is required, Equifax denies the allegations set forth in Paragraph 54.

55. Equifax denies the allegations in Paragraph 55.

56. Equifax denies the allegations in Paragraph 56.

57. Equifax denies the allegations in Paragraph 57.

58. Equifax denies the allegations in Paragraph 58.

59. Equifax denies the allegations in Paragraph 59.

## COUNT IV

**COUNT IV:
Negligent Noncompliance With The FCRA
(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy - Violation of 15 U.S.C. § 1681e(b))**

60. Equifax reasserts and re-alleges its responses and defenses set forth herein.

61. Equifax denies the allegations in Paragraph 61.

62. Equifax denies the allegations in Paragraph 62.

63. Equifax denies the allegations in Paragraph 63.

## COUNT V

**Willful Noncompliance With The FCRA
(Failure to Block Identity Theft Information - Violation of 15 U.S.C. § 1681c-2)**

64. Equifax reasserts and re-alleges its responses and defenses set forth herein.

65. Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are

denied.

66. Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

67. Equifax denies the allegations in Paragraph 67.

68. Equifax denies the allegations in Paragraph 68.

69. Equifax denies the allegations in Paragraph 69.

## COUNT VI

**Negligent Noncompliance With The FCRA**
**(Failure to Block Identity Theft Information - Violation of 15 U.S.C. § 1681c-2)**

70. Equifax reasserts and re-alleges its responses and defenses set forth herein.

71. Equifax denies the allegations in Paragarph 71.

72. Equifax denies the allegations in Paragraph 72.

73. Equifax denies the allegations in Paragraph 73.

## PRAYER FOR RELIEF

Equifax denies Plaintiff is entitled to any relief claimed in the Prayer for Relief.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it recover such other and additional relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Equifax admits that Plaintiff demands a trial by jury.

Respectfully submitted this 31st day of October, 2025.

>Respectfully submitted,
>
>*/s/ Forrest M. "Teo" Seger III*
>Forrest M. "Teo" Seger' III
>
>CLARK HILL PLC
>1180 6TH Ave., 19th Floor, Suite 1910
>New York, NY 10036
>
>2301 Broadway St.
>San Antonio, Texas 78215
>Phone: (210) 250-6000
>Fax:    (210) 250-6100
>Email: tseger@clarkhill.com
>
>**ATTORNEY FOR DEFENDANT EQUIFAX INFORMATION SERVICES LLC**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties by electronically filing a true and correct copy of the foregoing with the Clerk of the Court using the ECF system.

This 31st day of October, 2025.

*/s/Forrest M. "Teo" Seger III*
Forrest M. "Teo" Seger III
